CHESTER J. MURRAY, GUARDIAN, ETC., v. STEPHEN V. R. LEPPER, ADMINISTRATOR, ETC.

*Guardian and ward—Accounting—Evidence.*

The appellant brings error to review a judgment charging him, as guardian of an incompetent person, with certain notes given by him to his ward while the ward was competent. The testimony tended to show that the appellant had access to the papers of his ward; that they had never been found in the hands of any other person; that the appellant had attempted to make it appear that a third person had written to him, claiming to own the notes; that these letters were in a feigned hand, and were written or caused to be written by the appellant; that they became a part of the files in the case; and that appellant defaced certain postmarks stamped upon the

envelopes, which were claimed to support the theory that the letters were written by appellant or by his procurement. And it is held that there was abundant testimony to justify the finding of the circuit judge, who, if convinced that the appellant had been guilty of an attempt to suppress testimony by defacing a public record, was justified in constructing the testimony strongly against him.

Error to Calhoun.    (Hooker, J.)    Argued January 19, 1894.  Decided February 20, 1894.

Appeal by the guardian of an incompetent person from the order of the probate court on final accounting. Judgment of circuit court, substantially affirming the order appealed from, affirmed.  The facts are stated in the opinion.

*Herbert E. Winsor* (*John C. Patterson*, of counsel), for appellant.

*Clarence S. Joy* (*William H. Porter*, of counsel), for appellee (administrator of the estate of the ward).

MONTGOMERY, J.  This appeal is brought to review the decision of the circuit judge in passing upon the account of appellant as guardian of Stephen J. Smith.  It appears that the appellant was, prior to his appointment as guardian of Smith, indebted to him in the sum of $1,650, for which he had given Smith his notes.  The case was tried before the court without a jury.  There were no special findings of fact, except such as are embodied in the conclusions stated in the judgment.  The judgment entry contains the statement that appellant should be charged as guardian with this sum.  This is excepted to, and the exception has been treated by both parties as properly raising the question of whether there is any evidence tending to show that the notes came to the hands of Murray after his appointment.  This is the only question presented to us for consideration.

We are all of the opinion that there was abundant testimony to justify the finding of the circuit judge. There was testimony tending to show that Murray had access to the papers of Mr. Smith; that they had never been found in the hands of any other person; and that Murray had attempted to make it appear that a person by the name of Clare L. Frey had written, claiming to own the notes. There was testimony tending to show that the letters were written in a feigned hand, and that Murray himself wrote the letters, or caused them to be written. There was also testimony tending to show that, after the letters became a part of the circuit court files, Murray defaced certain postmarks stamped upon the envelopes, which were claimed to support the theory that the letters were written and sent to him by himself, or by his procurement. If the circuit judge was convinced that the appellant had been guilty of this attempt to suppress testimony by defacing a public record, he was certainly justified in construing the testimony strongly against a party guilty of such an offense.

The judgment will be affirmed, with costs.

McGRATH, C. J., LONG and GRANT, JJ., concurred. HOOKER, J., did not sit.